MOTOR CREDIT COMPANY, INCORPORATED, A CORPORATION, PLAINTIFF-APPELLANT, v. ALTON G. TREMPER, ROBERT HELLER AND EMILE BOURQUIN, DEFENDANTS-RESPONDENTS.

Argued January 19, 1938—Decided September 8, 1938.

Before Justices CASE and DONGES.

For the plaintiff-appellant, *Charles Blume*.

For the defendants-respondents, *David H. Stemer*.

The opinion of the court was delivered by

CASE, J. Tremper is a notary public. As such he certified the acknowledgment, appended to an assignment running from Nancy Lou Tucker to her husband, J. R. Tucker, now deceased, of a bill of sale of an automobile; and Heller and Bourquin signed their names as witnesses to the execution of the assignment. Plaintiff later, and as a separate transaction, loaned money to the assignee in reliance upon the validity of that document, and, upon being informed by Mrs. Tucker that she had neither signed nor acknowledged the instrument, brought this action for damages. The complaint, which contains two counts, the first purporting to ground in fraud and the second in negligence, was struck as not setting forth a cause of action. Plaintiff appeals.

The substance of the case pleaded against Heller and Bourquin is that they had, in the transaction between the Tuckers, wherein plaintiff was not a party, witnessed a signature purporting to be that of Nancy Lou Tucker which was not in

truth such. That bare fact does not set up a duty to plaintiff and does not show either fraud or actionable negligence. Although the first count is said to be grounded in fraud, it nevertheless contains no specific averment of fraud against these defendants and no allegations from which fraud by them may be reasonably inferred. We find that neither the first nor the second count stated a cause of action against them.

As to Tremper. The motion to dismiss the state of demand admits the facts that are well pleaded. It does not admit conclusions of law simply because such are stated in the pleading. The first count, relied upon as grounded in fraud, does not contain a well pleaded charge of fraud. The count, having alleged that plaintiff is a small loan company and that Tremper holds himself out to be, and is. a notary public of the state, proceeds:

"3. The said defendant, Alton G. Tremper, on January 14th, 1935, did fraudulently purport to witness and represented that they did witness the signature of Nancy Lou Tucker on an assignment of bill of sale of an automobile whereby the said Nancy Lou Tucker was the seller and J. R. Tucker was the buyer; when as a matter of fact, the said Nancy Lou Tucker did not sign said assignment, and was not personally present when the acknowledgment and witnessing of her purported signature took place." It is clear from the assignment, annexed as a schedule to and made a part of the pleading, that Tremper did not "purport," either fraudulently or otherwise, to witness, did not represent that he had witnessed, and did not represent that anyone else had witnessed, the signature of Mrs. Tucker. One is left to guess who are meant by the word "they." If one were permitted so to do he might guess that the reference is to the co-defendants, Heller and Bourquin, or to them and Tremper; but even if these names be substituted for the pronoun, we have that which states a factual situation wholly at odds with the instrument sued upon.

We deem it proper to observe that the data imprinted upon the assignment unmistakably identifies it as issued by or under the direction of the Motor Vehicle Department. The

necessary inference is that it was prescribed or supplied by the commissioner, probably under color of the authority conferred by *Pamph. L.* 1931, *ch.* 166, § 16, appearing in the 1937 Revision as 39:10-22. The pertinency of this is that the wording of the acknowledgment, which differs from that of the usual statutory form (*Rev. Stat.* 1937, 46:14-6), has the force of an official mandate and is not the choice of the notary or other person taking the acknowledgment. Whether or not the statute confers upon the commissioner the authority to vary such of the statutory language of acknowledgments appended to conveyances of real estate as is applicable is not now considered. We give to the words "to me known" much the legal effect of the statutory and time-honored phrase that the officer is "satisfied that such party is the grantor."

The second count, as we read it, places the notary under the absolute duty to the public to see that the person named as the subscriber is the person who does appear and acknowledge, and the negligence alleged is that the defendant notary certified as he did notwithstanding the person whose name appears as the subscriber did not appear and acknowledge. We do not understand that an officer who is authorized to, and does, take an acknowledgment is under a measure of duty that will make him an insurer of the accuracy of his certification to one with whom he has no privity. The rule is rarely extended to that degree, unless there be a pertinent statute, even in those jurisdictions where a broad liability is enforced. There is less reason for doing so where, as here, the tendency is to regard the taking of an acknowledgment as a judicial, or at least a *quasi*-judicial, act. See the Chancery decisions in *Riddle* v. *Keller,* 61 *N. J. Eq.* 513, 518; *Black* v. *Purnell,* 50 *Id.* 365, 368; *Morrow* v. *Cole,* 58 *Id.* 203, 205. See, also, the views expressed in *Wood* v. *Bach,* 54 *Barb.* (*N. Y.*) 134, and in the Massachusetts case of *New England Bond and Mortgage Co.* v. *Brock,* 169 *N. E. Rep.* 803. We have not overlooked the *dictum* by our late Chancellor Walker in the Chancery case of *In re H. C., Jr.,* 81 *N. J. Eq.* 8 (at the bottom of *p.* 15), which, when studied, is not, we think, in conflict. Also, we have considered the special significance

given by chapter 166, *Pamph. L.* 1931, to an instrument entering into the chain of title of an automobile. Our conclusion is that the pleading does not correctly state the duty imposed upon an officer authorized to take acknowledgments and that it does not, with certainty, set up an act or an omission by which negligence on the part of the notary is made to appear. Mis-statement of a fact in the certificate of acknowledgment, standing alone, is not, we think, enough. Otherwise no amount of counter-pleading, alleging particular circumstances by which the officer, notwithstanding due diligence, was deceived, would be an answer to the allegation.

The state of demand was properly struck. The judgment below will be affirmed, with costs.